IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBYN TREMAYNE,

      Plaintiff,                     No. CIV 08-2795 EFB

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                 <u>ORDER</u>
_____/

      Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks fees based on 2.3 hours in 2008 at the rate of $172.85 per hour for attorney time, 34.9 hours in 2009 at the rate of $172.24 per hour, and 2.75 hours in 2010 at the rate of $172.24 per hour, for a total amount of $6,882.38. Dckt. No. 24. Defendant contends that (1) plaintiff is not entitled to EAJA fees since defendant's position was substantially justified; (2) the amount of hours claimed is unreasonable; and (3) any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel. Dckt. No. 25. Because the court finds that defendant's position was substantially justified, the motion will be denied.

      The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against

1

the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust . . .directs the court to award a reasonable fee." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200,

2

1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Charter*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical report, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov. 13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

1   Here, defendant contends the government's position was substantially justified. *See*
2   Dckt. No. 25. Plaintiff made numerous arguments in the motion for summary judgment, several
3   of which the court found meritless. Thus, there was substantial justification for the
4   Commissioner's position on those issues. The court remanded the case due to the ALJ's failure
5   to give proper consideration to the opinions of an examining physican, Dr. Richwerger,
6   regarding plaintiff's mental limitations, and the ALJ's failure to incorporate those mental
7   limitations in the hypothetical she posed to the vocational expert. Although this court concluded
8   that the ALJ's stated reasons for not crediting Dr. Richwerger's opinions were insufficient to
9   meet the substantial evidence standard, because the ALJ's decision had a reasonable basis in law
10  and fact, the court finds that the Commissioner's position in the underlying administrative
11  proceeding and in the ensuing litigation was substantially justified.
12   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees,
13  Dckt. No. 24, is denied.
14  DATED: March 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE